UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

IN ADMIRALTY

CASE NO.:

CERTAIN UNDERWRITERS AT

LLOYD'S OF LONDON,

    Plaintiffs,

v.

BROWNCO CAPITAL, LLC,

    Defendant.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW, Plaintiffs CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, by and through undersigned counsel, and hereby file this Complaint for Declaratory Judgment against Defendant BROWNCO CAPITAL, LLC and would show as follows:

### Jurisdiction, Parties, and Venue

1. This is an admiralty and maritime cause within the meaning of F.R.C.P. 9(h) and this Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. This is an action for declaratory relief pursuant to 28 U.S.C. §2201 *et seq*. in that a present controversy exists between the parties in which Plaintiff respectfully requests this Court to adjudicate and determine the rights and obligations of the parties to a contract of marine insurance.

3. Venue lies within the Southern District of Florida as the vessel insured under the subject policy of insurance was located within the territorial limits of the District and all events giving rise to insurance claim at issue in the instant matter occurred within the territorial limits of the District.

4. Plaintiffs are citizens of the United Kingdom with their principal place of business in London, United Kingdom.

5. Defendant is a Foreign Limited Liability Company registered with and authorized to do business in the State of Florida.

## General Allegations Common to All Counts

6. Defendant was at all material times the registered owner of a 2015 37' Intrepid HIN# IBW37870H415.

7. Plaintiffs issued a policy of insurance, Certificate PTB-1790766, pertaining to the vessel owned by Defendant. The subject policy is attached hereto as Exhibit A.

8. The subject policy of insurance was effective from October 24, 2017 through October 24, 2018.

9. At all material times, the vessel was stored in a storage shed at Tavernier Creek Marina, Tavernier, FL.

10. On or about July 19, 2018, Defendant submitted an insurance claim for the theft of the subject vessel from Tavernier Creek Marina.

11. Upon receipt of notice of Defendant's insurance claim, Plaintiffs undertook investigation into the facts and circumstances surrounding the alleged theft.

12. Plaintiffs' investigation failed to identify any evidence of violent and forcible entry into the storage shed at Tavernier Creek Marina.

13. Plaintiff's investigation discovered that the vessel was equipped with a GPS tracking device through Global Ocean Security Technologies (GOST).

14. The GPS tracking system on the vessel was disarmed on January 7, 2015, and was never rearmed.

15. The last tracking information received by GOST from Defendant's vessel was on January 7, 2015.

## **Count I**

Plaintiffs re-allege and re-adopt the foregoing Paragraphs 1-15 as if fully set forth herein.

16. The insurance policy issued by Plaintiffs states in pertinent part:

    > "1. Coverage…
    >    B.   Theft
    >         We will cover the theft of the insured watercraft subject to the following terms and conditions:
    >              i.   Where insured watercraft is stored ashore in no event will we cover theft of the insured watercraft, trailer or equipment, outboard(s) or out drive(s) attached to the boat or stored therein unless the insured watercraft trailer or equipment, outboard(s) or out drive(s) are stored within a locked fenced enclosure or secured building and there is evidence of violent and forcible entry into the locked fenced enclosure or secured building; and a police report has been made;"

17. Plaintiffs' investigation into the alleged theft of the vessel failed to uncover any evidence of a violent and forcible entry as required for coverage to exist under the subject policy of insurance.

18. Notwithstanding the absence of factual support for an insurance claim, Defendant maintains its demand for payment under the subject policy of insurance.

19. Until such time as the Plaintiffs are able to have their rights and responsibilities under the marine insurance policy construed and determined by this Court, Plaintiff will suffer uncertainty and prejudice.

20. As a result of Defendant maintaining its demand for payment under the policy of insurance, a real and justiciable issue exists and a bona fide, actual and present dispute exists for the Court to determine.

WHEREFORE, Plaintiffs pray for entry of a declaratory judgment in their favor and for any other relief this court deems just and proper.

## Count II

Plaintiff re-alleges and re-adopts Paragraphs 1-15 as if fully set forth herein.

21. The subject policy of insurance contained the following amendment:

> "Amendment(s) to Policy:
> Warranted coverage for theft is excluded unless the insured watercraft is equipped with a monitored GPS vessel tracking system. The requirements of the system are:
> 1. the system must be designed for ocean marine vessels and include capabilities for tracking worldwide;
> 2. the system must have a battery back up;
> 3. the monitoring account must be active, functional, and monitored at all times"

22. The above cited amendment to the subject policy became effective on or about October 24, 2017, well before the alleged theft giving rise to the insurance claim at issue in the instant action.

23. The subject vessel's GPS tracking system was disarmed on January 7, 2015 and subsequently remained disarmed through the theft of the vessel and investigation by Plaintiffs.

24. By virtue of being disarmed, the GOST tracking system was rendered inactive, non-functional and could not be monitored.

25. The absence of an active and functional GPS tracking system constitutes a breach by Defendant of the express warranty contained in the policy amendment cited above.

26. Notwithstanding Defendant's breach of the GPS tracking endorsement contained within the policy, Defendant maintains its demand for payment under the subject policy of insurance.

27. Until such time as the Plaintiffs are able to have their rights and responsibilities under the marine insurance policy construed and determined by this Court, Plaintiff will suffer uncertainty and prejudice.

28. As a result of Defendant maintaining its demand for payment under the policy of insurance, a real and justiciable issue exists and a bona fide, actual and present dispute exists for the Court to determine.

WHEREFORE, Plaintiffs pray for entry of a declaratory judgment in their favor and for any other relief this court deems just and proper.

Dated: February 25, 2019                Respectfully Submitted,

By: */s/ Seth E. Harris*
Christopher R. Fertig (FBN 218421)
chris.fertig@fertig.com
SETH E. HARRIS (076217)
seh@fertig.com
Fertig & Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 33316
Telephone:    954-763-5020
Facsimile:    954-763-5412
*Attorneys for Plaintiffs*